IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| MARY E. HORN, | § | |
| Plaintiff, | § | |
| v. | § | No. 3:16-CV-600-N |
| NANCY A. BERRYHILL, | § | |
| Acting Commissioner of the Social Security | § | |
| Administration, | § | |
| Defendant. | § | |

## FINDINGS, CONCLUSIONS & RECOMMENDATION
## OF THE UNITED STATES MAGISTRATE JUDGE

Plaintiff Mary E. Horn ("Plaintiff") brings this action for judicial review of the Commissioner of Social Security's ("Commissioner") final decision denying her claims for a period of disability and disability insurance benefits under Title II of the Social Security Act pursuant to 42 U.S.C. § 405(g). For the following reasons, the undersigned respectfully recommends that the District Court **REVERSE and REMAND** the final decision of the Commissioner.

## BACKGROUND

Plaintiff alleges that she is disabled due to a variety of ailments including major depressive disorder and post traumatic stress disorder. Tr. 151, ECF No. 11-6. After Plaintiff's application was denied initially and on reconsideration, Plaintiff requested a hearing before an administrative law judge ("ALJ"). That hearing was held on September 10, 2015 in Fort Worth, Texas before ALJ Ward D. King (the "ALJ"). Tr. 101, ECF No. 11-5. Plaintiff was born on November 27, 1971, and at the time of the hearing, Plaintiff was 43 years old. Tr. 150, ECF No. 11-6. Plaintiff has a bachelor's degree in criminology and sociology. Tr. 123, ECF No. 11-5. Plaintiff has past work experience as a social services worker. Tr. 79, ECF No. 11-4.

The ALJ issued his decision on October 16, 2015 finding that Plaintiff has not been under

a disability as defined in the Social Security Act at any relevant time through the date of his decision. Tr. 81, ECF No. 11-4. The ALJ determined that Plaintiff has the following severe impairments: fibromyalgia, chronic pain syndrome, gastroesophageal reflux disease, obesity, hypertension, lumbar spondylosis, lumbar radiculitis, major depressive disorder, and post-traumatic stress disorder. Tr. 46, ECF No. 15-3. The ALJ determined that Plaintiff did not have an impairment or a combination of impairments that met or medically equaled the severity of one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1. Tr. 55, ECF No. 11-4. The ALJ determined that Plaintiff had the residual functional capacity ("RFC") to: lift, carry, push, or pull 50 pounds occasionally and 25 pounds frequently; sit, stand, or walk (individually or in combination) during an eight hour work day; and perform the full range of medium work, except Plaintiff could perform occupations involving detailed, but not complex instructions, and Plaintiff could have no more than superficial contact with the public, supervisors, or co-workers. Tr. 55, ECF No. 11-4.

The ALJ determined that Plaintiff could not perform her past relevant work as a social services worker, because Plaintiff could not have more than superficial contact with the public, supervisors, or co-workers, but Plaintiff could perform jobs such as a store laborer, housekeeper/cleaner, and advertising door hanger. Tr. 79-80, ECF No. 11-4. Plaintiff appealed the ALJ's decision to the Appeals Council, and on January 15, 2016, the Appeals Council denied Plaintiff's request. Tr. 1, ECF No. 11-3. Plaintiff subsequently filed this action in the District Court on March 3, 2016. Compl., ECF No. 1.

## LEGAL STANDARDS

A claimant must prove that she is disabled for purposes of the Social Security Act to be entitled to social security benefits. *Leggett v. Chater*, 67 F.3d 558, 563-64 (5th Cir. 1995); *Abshire*

2

*v. Bowen*, 848 F.2d 638, 640 (5th Cir. 1988). The definition of disability under the Act is "the inability to engage in any substantial gainful activity by reason of any medically-determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A); *Anthony v. Sullivan*, 954 F.2d 289, 292 (5th Cir. 1992).

The Commissioner utilizes a sequential five-step inquiry to determine whether a claimant is disabled. Those steps are that:

(1)   an individual who is working and engaging in substantial gainful activity will not be found disabled regardless of medical findings;
(2)   an individual who does not have a "severe impairment" will not be found to be disabled;
(3)   an individual who meets or equals a listed impairment in Appendix 1 of the regulations will be considered disabled without consideration of vocational factors;
(4)   if an individual is capable of performing the work the individual has done in the past, a finding of "not disabled" will be made; and
(5)   if an individual's impairment precludes the individual from performing the work the individual has done in the past, other factors including age, education, past work experience, and residual functional capacity must be considered to determine if other work can be performed.

*Greenspan v. Shalala*, 38 F.3d 232, 236 (5th Cir. 1994) (citing *Villa v. Sullivan*, 895 F.2d 1019, 1022 (5th Cir. 1990); 20 C.F.R. § 404.1520(b)-(f)). The burden of proof lies with the claimant to prove disability under the first four steps of the five-step inquiry. *Leggett*, 67 F.3d at 564. The burden of proof shifts to the Commissioner at step five of the inquiry to prove that other work, aside from the claimant's past work, can be performed by the claimant. *Bowling v. Shalala*, 36 F.3d 431, 435 (5th Cir. 1994) (citing *Anderson v. Sullivan*, 887 F.2d 630, 632-33 (5th Cir. 1989)).

The Commissioner's determination is afforded great deference. *Leggett*, 67 F.3d at 564. Judicial review of the Commissioner's findings is limited to whether the decision to deny benefits is supported by substantial evidence and to whether the proper legal standards were utilized. *Greenspan*, 38 F.3d at 236 (citing 42 U.S.C. §§ 405(g), 1383(c)(3)). Substantial evidence is defined as "that which is relevant and sufficient for a reasonable mind to accept as adequate to support a conclusion; it must be more than a scintilla, but it need not be a preponderance." *Leggett*, 67 F.3d at 564. The reviewing court does "not reweigh the evidence, try the issues *de novo*, or substitute" its own judgment, but rather scrutinizes the record as a whole to determine whether substantial evidence is present. *Greenspan*, 38 F.3d at 236.

"Absent an error that affects the substantial rights of a party, administrative proceedings do not require 'procedural perfection.'" *Wilder v. Colvin*, No. 3:13-CV-3014-P, 2014 WL 2931884, at *5 (N.D. Tex. June 30, 2014) (citing *Taylor v. Astrue*, 706 F.3d 600, 603 (5th Cir. 2012)). "The ALJ is not required to discuss every piece of evidence in the record nor must the ALJ follow formalistic rules of articulation." *Hunt v. Astrue*, No. 4:12-CV-44-Y, 2013 WL 2392880, at *7 (N.D. Tex. June 3, 2013) (citing *Castillo v. Barnhart*, 151 F. App'x 334, 335 (5th Cir. 2005)); *see also Falco v. Shalala*, 27 F.3d 160, 164 (5th Cir. 1994) ("That [the ALJ] did not follow formalistic rules in her articulation compromises no aspect of fairness or accuracy that her process is designed to ensure."). "Procedural errors affect the substantial rights of a claimant only when they 'cast into doubt the existence of substantial evidence to support the ALJ's decision.'" *Wilder*, 2014 WL 2931884, at *5 (quoting *Morris v. Bowen*, 864 F.2d 333, 335 (5th Cir. 1988)). "Remand is required only when there is a realistic possibility that the ALJ would have reached a different conclusion absent the procedural error." *Id.* (citing *January v. Astrue*, 400 F. App'x 929, 933 (5th Cir. 2010)).

## DISCUSSION

Among other arguments, Plaintiff argues that the Appeals Council failed to properly consider the additional medical evidence submitted. Pl.'s Br. 3-10, ECF No. 16. Plaintiff states that she submitted to the Appeals Council the report of a psychological evaluation conducted by Charles A. Haskovec, Ph.D., on December 22, 2015, a little over two months after the ALJ issued his unfavorable decision on October 16, 2015. Pl.'s Br. 3, ECF No. 16. Plaintiff states that Dr. Haskovec evaluated Plaintiff at the request of referring physician, Dr. Shaw. Pl.'s Br. 3, ECF No. 16. Plaintiff states that Dr. Haskovec conducted a clinical interview and administered at least 10 psychological tests, including the Wechsler Memory Scale; the Wechsler Adult Intelligence Scale; the Behavior Rating Inventory of Executive Functioning; the Cognitive Estimation Test; and the Personality Assessment Inventory Clinical Profile. Pl.'s Br. 3-4, ECF No. 16. Plaintiff states that Dr. Haskovec's findings indicated that Plaintiff had difficulties with focused attention, divided attention, sustained attention, verbal fluency, naming, and word finding, and that Plaintiff was too disorganized or felt too overwhelmed to participate meaningfully in some forms of treatment. Pl.'s Br. 4-5, ECF No. 16.

Plaintiff states that she was also evaluated by Scott Hilborn, Ph.D., on June 20, 2014 at the request of the Texas Department of Assistive and Rehabilitative Services, Disability Determination Service, and that he diagnosed her with major depressive disorder, recurrent, severe, without psychotic features, and with chronic post-traumatic stress disorder. Pl.'s Br. 5-6, ECF No. 16; Tr. 794, ECF No. 12-5. Plaintiff states that Dr. Hilborn completed a mental function questionnaire on December 29, 2015 stating that he saw Plaintiff for a psychological evaluation one time, for one hour, and he repeated his previous diagnoses. Pl.'s Br. 6, ECF No. 16; Tr. 33, ECF No. 11-3. Plaintiff points out that Dr. Hilborn opined that Plaintiff could not: (1) maintain regular attendance

5

and be punctual within customary, usually strict tolerances; (2) sustain an ordinary routine without special supervision; (3) work in coordination with or proximity to others without being unduly distracted; (4) complete a normal work day and work week without interruptions from psychologically-based symptoms; (5) perform at a consistent pace without an unreasonable number and length of rest periods; (6) accept instructions and respond appropriately to criticism from supervisors; (7) get along with co-workers or peers without unduly distracting them or exhibiting behavioral extremes; (8) respond appropriately to changes in a routine work setting; (9) deal with normal work stress; (10) carry out detailed instructions; (11) set realistic goals or make plans independently of others; (12) deal with stress of semi-skilled and skilled work; (13) interact appropriately with the general public; (14) travel in unfamiliar places; or (15) use public transportation. Pl.'s Br. 6-7, ECF No. 16; Tr. 35-36, ECF No. 11-3.

Plaintiff states that while the Appeals Council acknowledged receipt of Dr. Haskovec's report and Dr. Hilborn's questionnaire, the Appeals Council incorrectly stated that this information pertained to a later time period and did not affect the decision as to whether Plaintiff was disabled on or before the date of the ALJ's decision on October 16, 2015. Pl.'s Br. 7, ECF No. 16; Tr. 2, ECF No. 11-3. Plaintiff states that the Appeals Council's statement is patently incorrect with respect to the mental function questionnaire, because Dr. Hilborn only examined Plaintiff one time on June 20, 2014 and the questionnaire asked him to evaluate and estimate Plaintiff's level of functioning as of the exam date. Pl.'s Br. 7, ECF No. 16. With respect to Dr. Haskovec's report, Plaintiff states that, while it is true that it was based on an examination that was conducted 67 days after the ALJ issued his decision, the Appeals Council did not point to any intervening event that would materially alter Plaintiff's depression, anxiety, and post-traumatic stress disorder between the date of the ALJ's

decision and the date of Dr. Haskovec's evaluation. Pl.'s Br. 8, ECF No. 16.

In the response, the Commissioner argues that Plaintiff failed to establish good cause for failing to submit Dr. Haskovec's report and Dr. Hilborn's questionnaire to the ALJ, and that the mere fact that a medical report is of recent origin is not sufficient to show good cause if Plaintiff could have timely obtained it for the prior proceedings. Def.'s Br. 5, ECF No. 17. The Commissioner argues that Plaintiff provided no explanation as to why she did not attempt to obtain this evidence earlier, especially Dr. Hilborn's questionnaire, given that Dr. Hilborn examined Plaintiff before the ALJ issued his decision. Def.'s Br. 5, ECF No. 17. Moreover, the Commissioner argues that the evidence would not have changed the outcome of this case, even if this information was before the ALJ. Def.'s Br. 6-9, ECF No. 17. The Commissioner argues that Plaintiff failed to show that Dr. Haskovec's one-time examination with no mental assessment of functioning would have changed the outcome of this case. Def.'s Br. 6, ECF No. 17. Furthermore, the Commissioner argues that Dr. Hilborn did not reference any clinical observations, examination notes, test results, or other information that objectively supported the limitations set forth in his opinion, and it appears that Dr. Hilborn based his opinion on Plaintiff's subjective complaints. Def.'s Br. 8, ECF No. 17. The Commissioner argues that the additional evidence does not dilute the record so that the ALJ's ultimate finding is not sufficiently supported. Def.'s Br. 9, ECF No. 17.

In the reply, Plaintiff argues that, while the Commissioner contends that Plaintiff failed to show good cause for failing to submit the additional evidence to the ALJ, Dr. Haskovec's assessment was conducted at the request of referring physician, Dr. Shaw, and Plaintiff could not direct when or whether Dr. Haskovec would examine Plaintiff. Reply 3, ECF No. 19. Plaintiff also states that Dr. Hilborn's examination, which was conducted at the request of the State Agency, provided

clarification of his June 20, 2014 report, and this clarification did not become necessary until the ALJ obtained testimony from the medical advisor, Dr. Jonas, because Dr. Jonas's inconsistent testimony put into doubt Plaintiff's functional limitations, which required further clarification from the evaluating consultative examiner, Dr. Hilborn. Reply 3, ECF No. 19; Tr. 792-96, ECF No. 12-5. In addition, Plaintiff argues that, while the Commissioner suggests that Dr. Hilborn did not reference any clinical observations, examination notes, test results, or other information that objectively supported the limitations set forth in his opinion, Dr. Hilborn reviewed medical records and examined Plaintiff prior to reaching his conclusion. Reply 6, ECF No. 19. Furthermore, Plaintiff argues that, while the Commissioner suggests that Dr. Haskovec's examination is not material because Dr. Jonas, the medical advisor indicated the possibility of a personality disorder, Dr. Haskovec's report fleshes out the extent and severity of Plaintiff's personality disorder and provides specific functional limitations that Dr. Jonas never presented, and none of the other sources performed the extensive psychological testing performed by Dr. Haskovec. Reply 8, ECF No. 19. Plaintiff argues that it is clear that the additional evidence significantly differs from the ALJ's opinion, and this evidence very likely could have changed the ALJ's conclusion. Reply 8, ECF No. 19.

With respect to the new evidence submitted to the Appeals Council, the Appeals Council stated the following:

> We also looked at a report from Dr. Charles A. Haskovec, Ph.D. dated December 22, 2015 (24 pages) and a Mental Function Questionnaire from Dr. Scott Hilborn, Ph.D. dated December 29, 2015 (6 pages). The Administrative Law Judge decided your case through October 16, 2015. This new information is about a later time. Therefore, it does not affect the decision about whether you were disabled beginning on or before October 16, 2015.

8

Tr. 2, ECF No. 11-3. As previously discussed, Plaintiff points out that Dr. Hilborn's mental function questionnaire pertained to his June 2014 examination. Reply 5, ECF No. 19; Tr. 792-95. In addition, the Commissioner concedes that "[i]n the December 2015 questionnaire, Dr. Hilborn acknowledged that he only examined Horn on one occasion in June 2014, a year and a half before his opinion (Tr. 33)." Def.'s Br. 8, ECF No. 17. Therefore, contrary to the Appeals Council's statement, Dr. Hilborn's questionnaire relates to Plaintiff's condition prior to the issuance of the ALJ's decision. Furthermore, as Plaintiff points out, Dr. Haskovec's assessment was conducted at the request of a referring physician, and Plaintiff did not have control over when this assessment took place. As Plaintiff points out, the Commissioner's Notice of Decision invites claimants to submit new evidence to the Appeals Council, specifically stating:

> You or your representative may send us a written statement about your case. You may also send us new evidence. You should send your written statement and any new evidence with your appeal. Sending your written statement and any new evidence with your appeal may help us review your case sooner.

Reply 4, ECF No. 19; Tr. 41, ECF No. 11-3. Therefore, as Plaintiff argues, inviting claimants to submit new evidence and then declining to consider the new evidence, because it pertains to a later time period does not make sense. Reply 4, ECF No. 19.

"It is well-established that [the Court] may only affirm the Commissioner's decision on the grounds which [s]he stated for doing so." *Cole v. Barnhart*, 288 F.3d 149, 151 (5th Cir. 2002).

> It will not do for a court to be compelled to guess at the theory underlying the agency's action; nor can a court be expected to chisel that which must be precise from what the agency has left vague and indecisive. In other words, "We must know what a decision means before the duty becomes ours to say whether it is right or wrong."

*Sec. & Exch. Comm'n v. Chenery Corp.*, 67 S. Ct. 1575, 1577 (1947) (citing *United States v.*

*Chicago, Milwaukee, St. Paul & Pac. R.R. Co.*, 294 U.S. 499, 511 (1935)); *see also Singleton v. Astrue*, No. 3:11-CV-2332-BN, 2013 WL 460066, at *6 (N.D. Tex. Feb. 7, 2013) ("Defendant contends that, even if error occurred, the error was harmless . . . . The Court is unable to say what the ALJ would have done. . . . Had the ALJ given proper consideration . . . the ALJ might have reached a different decision as to disability."); *Newton v. Apfel*, 209 F.3d 448, 455 (5th Cir. 2000) ("The ALJ's decision must stand or fall with the reasons set forth in the ALJ's decision, as adopted by the Appeals Council." (citing *Knipe v. Heckler*, 755 F.2d 141, 149 n.16 (10th Cir. 1985; *Dong Sik Kwon v. Immigration & Naturalization Serv.*, 646 F.2d 909, 916 (5th Cir. 1981))).

Upon consideration of the foregoing, the undersigned is not able to conclude that the Commissioner's decision is supported by substantial evidence. As previously discussed, remand is required only where there is a realistic chance that a different result could have been reached absent the error. *Wilder*, 2014 WL 2931884, at *5. Given that such is the case under these facts, the undersigned finds that a remand is warranted in this case. Because reversal is warranted on this ground, the undersigned pretermits consideration of Plaintiff's alternative grounds for reversal as she can raise them before the ALJ on remand. *See* 20 C.F.R. § 404.983 (providing that when a case is remanded from federal court, the ALJ may consider any issues relating to the claim).

## RECOMMENDATION

For the reasons stated above, the undersigned respectfully recommends that the District Court REVERSE and REMAND the final decision of the Commissioner.

SO RECOMMENDED, this 16 day of August, 2017.

PAUL D. STICKNEY
UNITED STATES MAGISTRATE JUDGE

## INSTRUCTIONS FOR SERVICE AND NOTICE OF RIGHT TO APPEAL/OBJECT

The United States District Clerk shall serve a copy of these findings, conclusions, and recommendation on the parties. Pursuant to Title 28, United States Code, Section 636(b)(1), any party who desires to object to these findings, conclusions, and recommendation must serve and file written objections within fourteen days after service. A party filing objections must specifically identify those findings, conclusions, or recommendation to which objections are being made. The District Court need not consider frivolous, conclusory, or general objections. A party's failure to file such written objections to these proposed findings, conclusions, and recommendation shall bar that party from a *de novo* determination by the District Court. *See Thomas v. Arn*, 474 U.S. 140, 150 (1985). Additionally, any failure to file written objections to the proposed findings, conclusions, and recommendation within fourteen days after service shall bar the aggrieved party from appealing the factual findings and legal conclusions of the Magistrate Judge that are accepted by the District Court, except upon grounds of plain error. *Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc).